UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCCONNELL ADAMS, JR.,

               Plaintiff,

v.                                                CASE NO. 05-CV-74922-DT
                                                HONORABLE GERALD E. ROSEN

OAKLAND COUNTY, OAKLAND
COUNTY SHERIFF'S DEPARTMENT,
WILLIAM HARVEY, and MICHAEL SUTTON,

               Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff McConnell Adams has filed a *pro se* complaint for declaratory relief. He invokes 28 U.S.C. §§ 1331 and 2202 as grounds for jurisdiction. The Court liberally construes the complaint to seek relief under 42 U.S.C. § 1983 as well, because Plaintiff claims that defendants breached a contract with him and violated his rights under the Fifth Amendment.[1]

Plaintiff is a state prisoner currently confined at Riverside Correctional Facility in Ionia, Michigan. Defendants are: Oakland County, Michigan; the Oakland County Sheriff's Department; and detective sergeants William Harvey and Michael Sutton of the Oakland County Sheriff's Department.

---

[1] Courts may construe *pro se* pleadings liberally pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in which the Supreme Court indicated that it held the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers.

The complaint alleges that, on December 30, 1996, the Oakland County Sheriff's Department took custody of Plaintiff.  At approximately 4:00 a.m. on December 31, 1996, Plaintiff was advised of his constitutional rights.  He and defendants Harvey and Sutton then signed a waiver-of-rights form, which Plaintiff contends was a binding legal document.  The two detectives proceeded to interrogate Plaintiff about a robbery and murder.  Plaintiff allegedly provided a full inculpatory statement addressing all the topics raised by Harvey and Sutton, including topics that Plaintiff initially refused to discuss.

Plaintiff alleges that defendants Harvey and Sutton breached their contract with him by continuing to interrogate him, despite his refusal to talk without an attorney being present.  He seeks declaratory and injunctive relief regarding the force and effect of the contract.

## II.  Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim for which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## A. The Challenge to Plaintiff's Criminal Conviction

The pending complaint is frivolous and fails to state a claim because it indirectly attacks Plaintiff's state conviction. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004)). Although Plaintiff is not seeking damages, *Heck* and other Supreme Court cases "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, __, 125 S. Ct. 1242, 1248 (2005).

Plaintiff's state conviction has been upheld in state court and in federal court on habeas corpus review despite constitutional attacks on the validity of Plaintiff's confession. *See People v. Adams*, 245 Mich. App. 226; 627 N.W.2d 623 (2001), *leave to appeal denied*, 465 Mich. 934; 638 N.W.2d 752 (2001) (table); *Adams v. Jones*, No. 2:02-CV-74636-DT (E.D. Mich. Dec. 4, 2003) (Roberts, J.), *affirmed*, 140 Fed. Appx. 617 (6th Cir. 2005). Success in this action would

undermine those decisions and demonstrate the invalidity of Plaintiff's imprisonment, because "[t]here was virtually no physical evidence linking [Plaintiff] to the murder" for which he was convicted, and his criminal case "focuse[d] on the propriety of the admission of [his] videotaped confession into evidence." *Adams*, 245 Mich. App. at 229; 627 N.W.2d at 625. Consequently, Plaintiff has no right to relief. His cause of action is barred.

### B. The Claims Against Oakland County and Its Sheriff's Department

Plaintiff's allegations against Oakland County and its Sheriff's Department are frivolous and fail to state a claim for an additional reason. To recover damages from a county, a civil rights plaintiff

> must show that his civil rights were violated pursuant to and as a direct result of the county's official policy or custom. *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690-95 (1978). The burden in this regard requires a showing that the unconstitutional policy or custom existed, that the policy or custom was connected to the county, and that the policy or custom caused his constitutional violation. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir.1996).

*Napier v. Madison County, Ky.*, 238 F.3d 739, 743 (6th Cir. 2001). In other words, "[t]here must be 'a direct causal link' between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation. These stringent standards are 'necessary to avoid *de facto respondeat superior* liability explicitly prohibited by *Monell*." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (internal and end citations omitted).

Plaintiff has not identified an unconstitutional custom or policy, nor shown that a county custom or policy caused his injuries. For this additional reason, his claims against Oakland County and its Sheriff's Department are frivolous.

### III. Conclusion

4

Plaintiff's allegations lack an arguable basis in law. Therefore, the complaint is DISMISSED as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

       s/Gerald E. Rosen
       GERALD E. ROSEN
       UNITED STATES DISTRICT JUDGE

Date: 2/8/06